**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **MABEL S. JONES**, individually, as the next best friend of and Personal Representative of the Estate of Prince Carmen Jones, Sr., | Civil Action No. AW-04-3044 |
| **Plaintiff,** | |
| v. | |
| **CANDACE JACKSON**, mother, and next friend, and individually and as co-legal custodian of Nina Amayye Eden Chi Jones, a minor; **PRINCE CARMEN JONES, SR.**, co-legal custodian of Nina Amayye Edden Chi Jones, a minor, | |
| **Plaintiffs-Intervenors,** | |
| v. | |
| **PRINCE GEORGE'S COUNTY, MD.**, *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OPINION

Currently pending before this Court are the following motions: (1) Plaintiffs-Intervenors' Motion to Intervene and Consolidate [123]; and (2) Plaintiffs-Intervenors' Motion for an Emergency Hearing [124]. The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. See Local Rule 105(6) (D. Md. 2004). For the following reasons, the aforementioned motions are denied.

**RELEVANT PROCEDURAL BACKGROUND**

I.   Transferred Action

On April 4, 2001, Plaintiff-Intervenor Candance Jackson ("Jackson"), as the legal custodian of the decedent's child, filed a Motion to Intervene in the United States District Court for the District of Columbia. Jackson alleged that, *inter alia*, the disposition of any wrongful death claims in this action could impair the child of the decedent's right to pursue her own wrongful death claims. On September 10, 2001, Prince Carmen Jones, Sr. ("Prince Sr.") moved to intervene as co-personal representative, to protect the interests of the decedent's child, alleging that Plaintiff does not adequately represent the interests of the decedent's child.

Magistrate Judge John M. Facciola, of the United States District Court for the District of Columbia, denied both Motions to Intervene concluding, among other things, that Plaintiffs-Intervenors lacked standing because the personal representative had exclusive standing to bring suit under Virginia's wrongful death action. Magistrate Judge Facciola also concluded, in the alternative, that even if the Plaintiffs-Intervenors had standing, the existing parties adequately represented her interest due to the "very exacting fiduciary standards [the common law imposes] upon the personal representative of an estate." This action was later transferred to this Court.

II.   Parallel State Court Action

On March 20, 2001, in a separate but related state court action, Mabel Jones, the personal representative of the decedent's Estate, filed a Motion to Intervene and a Motion for Summary Judgment seeking dismissal of Jackson's and Prince Sr.'s separate state court action. See Nina Amayye' Eden Chi

Jones, *et al* v. Prince George's County, et al., Civ. No. AW-04-1735. Mabel Jones sought dismissal of the state court action on the ground that pursuant to the controlling law, the substantive law of Virginia, she as personal representative had the exclusive right to bring a wrongful death action. Additionally, Mabel Jones's Motion for Summary Judgment stated that she had brought a wrongful death action, based on the death of the decedent, in the United States District Court for the District of Columbia.[1]

On April 6, 2001, the Circuit Court for Prince George's County, Maryland ("Circuit Court") granted Mabel Jones's Motion to Intervene. On January 3, 2002, the Circuit Court granted Mabel Jones's Motion for Summary Judgment. On the question of standing, the Circuit Court held that under Maryland law, where the wrongful death occurs in another state, "a Maryland Court shall apply the substantive law of that jurisdiction." Accordingly, the Circuit Court concluded that pursuant to Virginia law, Mabel Jones had the exclusive right, as the sole representative of the decedent's Estate, to bring wrongful death claims on behalf of the Estate.

On appeal, the Maryland Court of Appeals reversed the Circuit Court. See Jones v. Prince George's County, 378 Md. 98 (Md. 2003). The Court of Appeals held that pursuant to the Maryland wrongful death statute, "the right to bring a wrongful death action is a rule of procedure," and "thus is governed by Maryland law." 378 Md. at 118. Thus, the Court of Appeals concluded that "because no current Maryland rule or statute covers standing to bring a wrongful death action based on a wrongful act outside of Maryland, the issue would logically seem to be governed by Maryland common law principles." Id.

---

[1] The District of Columbia District Court dismissed the action for improper venue, and that action was transferred to this Court pursuant to 28 U.S.C. § 1404(a).

3

III.     Current Motions in Transferred Action

On November 15, 2004, Plaintiffs-Intervenors filed a Supplemental Motion to Intervene and to Consolidate. That same day, Plaintiffs-Intervenors also moved for an emergency hearing. As all motions are ripe and ready for disposition, an Opinion shall now be issued.

**DISCUSSION**

I.     Plaintiffs-Intervenors' Motion to Intervene and Consolidate

Plaintiffs-Intervenors have moved to intervene in this action to protect the interests of the decedent's minor child. The crux of the Plaintiffs-Intervenors' contention is that the disposition of this action may, as a practical matter, impair or impede the minor child's ability to protect her own wrongful death claims filed in a parallel action currently before this Court. See Nina Amayye' Eden Chi Jones, *et al* v. Prince George's County, et al., Civ. No. AW-04-1735. As such, the Plaintiffs-Intervenors contend that the minor child has the sole right to bring wrongful death claims under Section 1983. This Court cannot agree.

The law of the case doctrine posits that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988) (internal quotations marks omitted)).

As applied here, the United States District Court for the District of Columbia ("D.C. District Court") has previously denied the Plaintiffs-Intervenors' Motion to Intervene in this action to participate in the adjudication of Plaintiff Mabel Jones's wrongful death claim. In addressing the Plaintiff-Intervenor's Motion to Intervene, the D.C. District Court concluded that the Plaintiffs-Intervenors could not intervene

4

as a matter of right because the minor child lacked standing to initiate a claim under the Wrongful Death statute of Virginia. In the alternative, the D.C. District Court also expressly and unequivocally stated that, even assuming standing existed, the Plaintiffs-Intervenors failed to demonstrate that "the existing parties fail to adequately represent [the minor child's] interest." Quite the contrary, the D.C. District Court concluded that "the fiduciary duty owed by [Plaintiff Mabel Jones] to [the minor child] suffices to show adequacy." Because it is now undeniably and clearly law of the case that Plaintiff Mabel Jones adequately represents the interests of the minor child, this Court will not allow Plaintiffs-Intervenors a second-bit-of-the-apple.[2] Hence, Plaintiffs-Intervenors are foreclosed from re-litigating the intervention issue.

Plaintiffs-Intervenors attempt to salvage their intervention claim by contending that once this action was transferred, Plaintiff Mabel Jones lacked standing to bring a wrongful death claim under Virginia law. In particular, Plaintiffs-Intervenors contend that once this action was transferred pursuant to Section 1406, the transferee court must apply the choice-of-law rules of the state in which it sits, *i.e.*, Maryland choice of law applies in the instant case. This argument has no merit.

The Supreme Court's opinion in Christianson is instructive here. In Christianson, the Supreme Court was faced with a peculiar jurisdictional battle between the Court of Appeals for the Federal Circuit and the Court of Appeals for the Seventh Circuit where each court disavowed jurisdiction and transferred the case to the other. 486 U.S. at 803. Following the denial of summary judgment, the Respondent first

---

[2] The D.C. District Court denied Plaintiffs-Intervenors' attempt to intervene both as a matter of right and permissive intervention. The D.C. District Court denied permissive intervention on the grounds that such intervention would "prejudice" the rights of Plaintiff Mabel Jones who has an exclusive right of action as personal representative of the Prince Carmen Jones, Jr. estate. Insofar as the Plaintiffs-Intervenors seek permissive intervention in the current action, the Court denies such intervention on grounds of the law of the case doctrine.

appealed to the Federal Circuit, which, after full briefing and argument, concluded that it lacked jurisdiction and transferred the appeal to the Court of Appeals for the Seventh Circuit. Id. at 806. The Seventh Circuit, raising the jurisdictional issue *sua sponte*, concluded that the Federal Circuit had erred and transferred the action back to the Federal Circuit. Id. The Federal Circuit, adhering to its previous jurisdictional ruling concluded that the Seventh Circuit erred in addressing the jurisdictional issue, but in the interests of justice addressed the merits of the action. Id. at 807.

Once this jurisdictional nightmare made it to Supreme Court, the Respondent argued, *inter alia*, that the Federal Circuit was obliged not to revisit the Seventh Circuit's thorough analysis of the jurisdictional issue, but merely to adopt it as law of the case. Id. at 815. The Supreme Court agreed with Respondent's argument and concluded that the law of the case doctrine "applies as much to decisions of a coordinate court in the same case as to a court's own decisions." Id. In particular, the Supreme Court emphasized that "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." Id.

As applied here, this Court is faced with a case that has traveled a peculiar path. Essentially, prior to the arrival of this action at the Court's doorsteps, the same parties have battled this action in the coordinate court of the D.C. District Court, as well as in the parallel proceedings in the Maryland state courts, with the Plaintiffs and Intervenors switching roles. Indeed, prior to the transfer of the present action to this Court, the Plaintiffs-Intervenors' specific attempt to intervene in the D.C. District Court and protect its wrongful death claims — which were being litigated in the Maryland state courts — was thoroughly briefed and addressed by the D.C. District Court. As the transferee court, this Court is thus bound by the law of the case previously briefed and decided by its co-equal sovereign.

In short, once this action was transferred to the present Court, the law of the case doctrine continued to apply with equal vigor to the transferee court. Such a result is compelled by both the Supreme Court's conclusion in <u>Christianson</u>, as well as the general policy underlying the law of the case doctrine — to promote finality and efficiency of the judicial process by "protecting against the agitation of unsettled issues." 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice PO 404[1], p.118 (1984). As such, this Court concludes that even upon transfer to this Court, the D.C. District Court's decision that Plaintiffs-Intervenors failed to show that Plaintiff Mabel Jones could not adequately represent the minor child's interests remains the law of the case.[3]

Plaintiffs-Intervenors also contend that their claims should be consolidated with the claims of Plaintiff Mabel Jones to avoid waste and promote judicial economy. At this juncture, however, this litigation has been ongoing for over three years, discovery has been completed, and a ripe dispositive motion is pending. Thus, at this point in time, the Court finds consolidation would cause undue delay in a reaching a determination of the significant legal issues pending before the Court.[4]

Therefore, Plaintiffs-Intervenors' Motion to Intervene and Consolidate is denied.

---

[3] Plaintiffs-Intervenors also posit that the Maryland Court of Appeals decision in <u>Jones v. Prince George's County</u>, 378 Md. 98 (2003) supports their position that standing for a wrongful death claim is a procedural matter governed by the law of the place where the suit is prosecuted. This argument is inapposite. The Maryland Court of Appeals held that pursuant to the Maryland wrongful death statute, "the right to bring a wrongful death action is a rule of procedure within the meaning of § 3-903(b) of the Maryland wrongful death statute, and thus is governed by Maryland law." <u>Id.</u> at 644. Hence, the Maryland Court of Appeals decision solely addressed standing to bring a statutory claim under the *Maryland* Wrongful Death Act. Because Plaintiff has brought his claim under the *Virginia* Wrongful Death Act, any reliance upon the aforementioned decision is misplaced.

[4] If, and when, this action proceeds to trial, the Court reserves judgment to reconsider whether consolidation may be appropriate at that time.

II.     Plaintiffs-Intervenors' Motion for an Emergency Hearing

Plaintiffs-Intervenors also move for an Emergency Hearing on their Motion to Intervene. The essence of Plaintiffs-Intervenors' request for a hearing is that Plaintiff lacks standing to bring a wrongful death claim on behalf of the decedent's minor child or to settle that claim. As previously elucidated, the D.C. District Court's decision on this issue continues to be law of the case, and therefore Plaintiff has standing to bring her Virginia wrongful death claims and to act on any settlements of such claims. Thus, the necessity of an oral hearing on this matter is negated. As such, Plaintiffs-Intervenors' Motion for an Emergency Hearing is denied.

## CONCLUSION

For the aforementioned reasons, Plaintiffs-Intervenors' Motion to Intervene and Consolidate and Motion for an Emergency Hearing are hereby DENIED. A separate Order shall follow.

April 28, 2005                                                          /s/
Date                                                         Alexander Williams, Jr.
                                                             United States District Judge