**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MABEL JONES | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-04-3044 |
| | * | |
| PRINCE GEORGE'S COUNTY, *et al.* | * | |
| | * | |
| Defendants. | * | |

*******************************************************************************

## **MEMORANDUM OPINION**

On October 31, 2006, this Court held a telephone conference with the parties to ascertain the status of the case in light of the U.S. Court of Appeals for the Fourth Circuit's October 10, 2006 dismissal of Intervenor Plaintiff Candace Jackson's appeal. Currently pending before the Court is Plaintiff's Renewed Motion to Vacate this Court's November 17, 2005 Stay of the case (Dkt. No. 169). For the reasons stated below, the Court will DENY the motion.

This case has traveled a complex and peculiar path, with trappings of three different jurisdictions. The underlying incident involved a police surveillance that began in the District of Columbia, moved to Maryland, and ended in Virginia. Plaintiff originally filed this federal action in the United States District Court for the District of Columbia, and the parties have since litigated this action in federal court and in parallel state court proceedings in Maryland. These parallel actions have both taken their respective appellate routes, the federal action having gone up to the Fourth Circuit on several issues and the state court action having gone up to the Maryland appellate courts. In 2004, the federal action was transferred from the District of Columbia to this Court. Therefore, despite the nearly six years that have elapsed since the occurrence of the incident that gave rise to these action, the case has only been pending before this Court for slightly more than two

years. Furthermore, throughout this entangled web of litigation, Plaintiff and Intervenors have switched roles in their attempts to intervene in both the federal and state actions. The various issues in this case have been vigorously argued at all levels by three sets of lawyers representing two different claimants and the named Defendants.

In its May 8, 2006 Order, this Court administratively closed this case pending Intervenor Plaintiff Candace Jackson's appeal to the Fourth Circuit. Now that the Fourth Circuit has dismissed that appeal, Plaintiff argues that the Court's stay should be vacated and the case set for trial. Defendants, on the other hand, urge the Court not to vacate the stay because of pending litigation in the state courts, which they argue affect the remaining claim (Plaintiff's survival claim) before this Court. Specifically, the Court has been advised that Defendants have reached a settlement with the minor child on her wrongful death claim under Virginia law and Plaintiff has appealed the settlement agreement to the Court of Special Appeals of Maryland. Defendants posit that Virginia law, as well as the settlement agreement itself, precludes any relief for Plaintiff on her survival action. It is Plaintiff's contention that her survival claim is separate and distinct from any wrongful death action, and thus does not preclude this Court from setting her survival action for trial.

At this time, the Court is unclear as to the legal effect the matters being litigated in state court may have on the determination of issues remaining before this Court. The Court does not have a copy of the settlement agreement or any information as to its terms or legal effect. Out of an abundance of caution and in order to preserve judicial resources, the Court thinks it best to await the outcome of the state court appeal of the settlement agreement. At that time, the Court will be in a better position to resolve the issues remaining in this case. Although this Court's May 8, 2006 Order was only limited to the appeal to the Fourth Circuit, the new developments in state court and the

complex posture of this case necessitate the continued stay of litigation. As such, Plaintiff's motion must be denied.

## **CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiff's Motion to Vacate this Court's Stay of November 17, 2005 [169]. An Order consistent with this Memorandum Opinion will follow.

| | |
|---|---|
| November 1, 2006 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |